David S. Elkins (State Bar No. 148077)
David.Elkins@squiresanders.com
Joseph P. Grasser (State Bar No. 255156)
Joseph.Grasser@squiresanders.com
Amanpreet Kaur (State Bar No. 271782)
Amanpreet.Kaur@squiresanders.com
SQUIRE SANDERS (US) LLP
600 Hansen Way
Palo Alto, California 94304-1043
Telephone:   650.856.6500
Facsimile:    650.843.8777

Attorneys for Plaintiffs
VENTURE CORPORATION LTD and
VENTURE DESIGN SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| VENTURE CORPORATION LTD and VENTURE DESIGN SERVICES, INC., | Case No. CV 13-03384 |
|---|---|
| Plaintiffs, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| vs. | |
| JAMES P. BARRETT, | |
| Defendant. | |

Plaintiffs VENTURE CORPORATION LTD ("VCL") and VENTURE DESIGN SERVICES, INC. ("VDSI") (collectively "Plaintiffs"), for their Complaint for Declaratory Judgment against defendant James P. Barrett ("Barrett" or "Defendant"), allege as follows:

**NATURE OF THE ACTION**

1. This action arises under the laws of the United States and, in particular, Title 35 of the United States Code. VCL is the assignee and owner of U.S. Patent No. 8,294,568 ("the '568 patent") (a true and correct copy of which is attached as Exhibit A) and U.S. Patent Application Pub. Nos. US2012/0304866 A1 ("the '866 application") and US2013/0153060 A1 ("the '060 application") (true and correct copies of which are attached as Exhibits B-C) (collectively the

"patent and applications-in-suit"). VDSI assigned the patent and applications-in-suit to VCL, having first received assignment to the inventions from Barrett.

2. Barrett is a former VDSI employee and inventor of the inventions claimed in the patent and applications-in-suit. Although he assigned away his rights to any invention created in connection with his employment at VDSI, Barrett now contends that any assignment of the patent and applications-in-suit to VCL is ineffective, and that he owns them.

3. Barrett's claims create an actual controversy within the meaning of 28 U.S.C. §2201. VCL and VDSI thus seek a declaratory judgment confirming that VCL owns all right, title and interest in and to the patent and applications-in-suit.

## THE PARTIES

4. VCL is a corporation organized under the laws of Singapore, with its principal place of business located there. Founded in 1984 as a global electronics services provider, today VCL is a leading global provider of technology services, products and solutions in a variety of fields, including printing and imaging; advanced storage systems and devices; handheld interactive scanning and computing products; RF communications and network; test and measurement equipment; medical devices; retail store solution suites of products; and industrial products and installations.

5. VDSI is a California corporation with its principal place of business in Newark, California. The company is a wholly owned subsidiary of VCL, formed in May 2003 as a US-based R&D company to help develop technology, products and industrial solutions for VCL.

6. Plaintiffs are informed and believe that Barrett is a resident of Liberty Lake, Washington. VDSI employed Barrett from 2003 through March 19, 2013.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1) & (a)(2).

8. The matter in controversy exceeds seventy-five thousand dollars ($75,000), excluding interest and costs.

9.  The Court has personal jurisdiction over Barrett because, among other things, he agreed to personal jurisdiction and venue in this State in connection with any action to enforce the Inventions Agreement.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and Inventions Agreement section 5.3.

11. An actual controversy exists between VCL and VDSI, on the one hand, and Barrett, on the other, through Barrett's assertion of ownership over the patent and applications-in-suit.

12. VCL and VDSI contend that the former is the rightful, sole owner of all right, title and interest in and to the patent and applications-in-suit, and seek a judicial declaration to that effect.

## INTRADISTRICT ASSIGNMENT

13. Because VDSI's principal place of business is in Newark, Alameda County, California, and because a substantial part of the events or omissions which give rise to the claim occurred there, this action should be assigned to the San Francisco Division or the Oakland Division pursuant to Civil Local Rule 3-2(d).

## FACTUAL BACKGROUND

14. In early 2003, VCL acquired the wireless communications device business unit of Agilent Technologies Inc. ("Agilent"). In or about May 2003, that unit became VDSI, a research and development ("R&D") company and a subsidiary of VCL. Pursuant to the two companies' May 2003 Research and Development Services Agreement (the "R&D Agreement"), VCL agreed to pay VDSI to perform R&D services, in partial consideration for which VDSI agreed that all rights to any technology it developed would be owned by VCL, with VDSI retaining a license in the U.S. to use and commercialize the technology it developed.

15. Barrett had been an employee of the Agilent unit and, as a consequence of VCL's acquisition, he became a VDSI employee, essentially continuing the work he had been performing at Agilent. Barrett and VDSI entered into an Employee Confidential Information and Inventions Agreement (the "Inventions Agreement," a true and correct copy of which is attached

as Exhibit D). Pursuant to the Inventions Agreement, Barrett agreed to assign to VDSI any inventions that he might conceive, during his employment plus six months, related

(i) to the general line of business engaged in by the Company;
(ii) to any actual or anticipated business (including research and development) of the Company; or
(iii) to suggestions made by the Company or which resulted from any work assigned by or performed for the Company.

Exhibit D at 2.

16. One of the projects on which Barrett was engaged at VDSI was development of an integrated wireless communication and tracking system – "MineTracer" – designed specifically for use in underground mines to track miners. Manufactured and sold by VDSI, MineTracer's development resulted in invention of a "Wireless Mine Tracking, Monitoring, and Rescue Communications System," for which Barrett (at VDSI's urging and financial backing) applied for a patent that became the '568 patent (Exhibit A).

17. At the time the application for the '568 patent was prosecuted before the United States Patent and Trademark Office ("USPTO"), Barrett helped prepare a document assigning his interest in the claimed invention. Barrett initially indicated VDSI as the assignee. In light of the R&D Agreement between VDSI and VCL, however, Barrett was asked to change the form to reflect VCL as assignee of the invention and patent application, and he did so. VCL is accordingly the record owner of the '568 patent, which reflects operation of both the Inventions Agreement and the R&D Agreement.

18. Barrett also led VDSI's development of a "gas scrubbing" system, also for use in the mining industry. That development led to invention of a "Toxic Gas Removal and Air Conditioning System for Human Life Support in Enclosed Refuge Spaces." At VDSI's urging and with its financial support, Barrett applied for a U.S. patent claiming the invention, which ultimately published in 2012 as the '866 application (Exhibit B) and which remains pending in the USPTO. As with the '568 patent, Barrett reflected VCL as the assignee of the invention and patent application. VCL is accordingly the record owner of the '866 application, which reflects operation of both the Inventions Agreement and the R&D Agreement.

19. Barrett also led VDSI's development of a "gas scrubbing" system, also for use in the mining industry. That development led to invention of a "Gas Monitoring System with Oxygen Control for Human Life Support in Enclosed Refuge Spaces." At VDSI's urging and with its financial support, Barrett applied for a U.S. patent claiming the invention, which ultimately published in 2013 as the '060 application (Exhibit C) and which remains pending in the USPTO. As with the '568 patent, Barrett reflected VCL as the assignee of the invention and patent application. VCL is accordingly the record owner of the '060 application, which reflects operation of both the Inventions Agreement and the R&D Agreement.

20. Barrett is the inventor of each invention claimed in the patent and applications-in-suit; he created each invention in the course of his work for VDSI, and each invention related to VDSI's general line of business and/or its actual or anticipated business.

21. Because the Inventions Agreement expressly granted to VDSI all rights in each invention, VDSI obtained title to each invention upon its creation. *See DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008) (if the contract expressly grants rights in future inventions, no further act is required once an invention comes into being, and the transfer of title occurs by operation of law).

22. Consequently, while the Inventions Agreement automatically vested VDSI with ownership of Barrett's inventions claimed in the patent and applications-in-suit, the R&D Agreement automatically transferred ownership of the inventions from VDSI to VCL.

23. Although he assigned all of his rights to the inventions claimed in the patent and applications-in-suit to VDSI, Barrett alleges that the assignment was somehow ineffective and that he is the true owner of the patent and applications-in-suit. His counsel's June 6, 2013 letter detailing Barrett's ownership contentions is attached as Exhibit E.

24. Barrett's contentions that he owns the VCL patent and applications-in-suit creates an actual controversy that requires resolution. VCL and VDSI thus seek a declaration that Barrett has no ownership or other rights in or to the patent and applications-in-suit.

## FIRST CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT THAT BARRETT HAS NO OWNERSHIP OR OTHER RIGHTS IN OR TO THE '568 PATENT)

25.   VCL and VDSI incorporate by reference their allegations contained in paragraphs 1 through 24 as though fully set forth here.

26.   As set forth above, an actual controversy exists as to whether Barrett has ownership or other rights in or to the '568 patent.

27.   VCL and VDSI seek and are entitled to a judgment that Barrett has no ownership or other rights in or to the '568 patent.

## SECOND CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT THAT BARRETT HAS NO OWNERSHIP OR OTHER RIGHTS IN OR TO THE '866 APPLICATION)

28.   VCL and VDSI incorporate by reference their allegations contained in paragraphs 1 through 24 as though fully set forth here.

29.   As set forth above, an actual controversy exists as to whether Barrett has ownership or other rights in or to the '866 application.

30.   VCL and VDSI seek and are entitled to a judgment that Barrett has no ownership or other rights in or to the '866 application.

## THIRD CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT THAT BARRETT HAS NO OWNERSHIP OR OTHER RIGHTS IN OR TO THE '060 APPLICATION)

31.   VCL and VDSI incorporate by reference their allegations contained in paragraphs 1 through 24 as though fully set forth here.

32.   As set forth above, an actual controversy exists as to whether Barrett has ownership or other rights in or to the '060 application.

33.   VCL and VDSI seek and are entitled to a judgment that Barrett has no ownership or other rights in or to the '060 application.

## PRAYER FOR RELIEF

WHEREFORE, VCL and VDSI pray for a declaratory judgment against Barrett as follows:

(i)   Judgment against Barrett has no ownership or other rights in or to the '568 patent;

(ii)     Judgment against Barrett has no ownership or other rights in or to the '866 application;

(iii)    Judgment against Barrett has no ownership or other rights in or to the '060 application;

(iv)    An award of VCL and VDSI's reasonable attorneys' fees and related costs incurred in this action, as provided by the Inventions Agreement; and

(v)     Such other and further relief as the Court deems reasonable and just.

Dated: July 19, 2013                    SQUIRE SANDERS US LLP

By: _____
David S. Elkins
Joseph P. Grasser
Amanpreet Kaur

Attorneys for Plaintiffs
VENTURE CORPORATION LTD and
VENTURE DESIGN SERVICES, INC.

PALOALTO/137618.2