Even as they acknowledge his general qualifications as a forensic accountant,[60] the Ventures object that Hampton[61] uses methodologically unsound simple math based on unrealistic speculation and conjecture from Barrett himself.[62] The Ventures are particularly concerned with Hampton's reliance on contingent offers and sales commitments in calculating lost profits owed to Barrett, especially if Barrett characterizes Hampton's testimony as a valuation of the inventions.[63] But contingencies in offers do not necessarily render expert evidence unreliable or inadmissible.[64] Barrett characterizes the projections as offers VCL could have taken advantage of, even if they did not.[65] Hampton based his testimony on tangible evidence: written letters, memoranda of understanding, and VCL's own published figures and facts.[66] His opinions are relevant to the calculation of joint future damages.[67] While the Ventures have identified a number of flaws in Hampton's analysis, none renders the analysis so unreliable that exclusion under Rule 702 is required. Any flaws in Hampton's testimony are properly challenged through cross-examination at trial.[68]

---

[60] *See* Docket No. 88 at 4.

[61] *See* Docket No. 65-2.

[62] *See* Docket No. 65 at 2, 5, 8, 10-14.

[63] *See* Docket No. 88 at 3.

[64] *See Navarro v. Perron*, 19 Cal. Rptr. 3d 198, 201 (2004) (citing *Gherman*, 72 Cal. App. 3d at 562).

[65] *See* Docket No. 84 at 8, 17; *contra Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 962 (9th Cir. 2001) (regarding good faith negotiation efforts).

[66] *See* Docket No. 84 at 7.

[67] *See id.*

[68] The court sustains the Ventures' objections to legal arguments in Hampton's declaration, *see* Docket No. 85, as well as Hampton's undisclosed reliance on Bret Romrell, *see* Docket No. 65-2. The court relies on neither in this order. All other evidentiary objections are overruled.

13
Case No. 5:13-cv-03384-PSG
ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AND MOTION TO EXCLUDE TESTIMONY

**IV.**

The parties shall appear for a final pretrial conference as previously scheduled on January 6, 2015 at 10:00 a.m.  Trial will commence on January 26, 2015 at 9:00 a.m.

**SO ORDERED.**

Dated:  December 17, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge