UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VENTURE CORPORATION LTD., et al., <br><br>  Plaintiffs and Counterdefendants, <br><br> v. <br><br> JAMES P. BARRETT, <br><br>  Defendant and Counterclaimant. | Case No. 5:13-cv-03384-PSG <br><br> **OMNIBUS ORDER RE: MOTIONS IN LIMINE** <br><br> **(Re: Docket Nos. 153, 154, 155, 156, 157, 164)** |

Before the court are Plaintiffs and Counterdefendants Venture Corporation Ltd., et al., and Defendant and Counterclaimant James P. Barrett's motions in limine.[1]  Today, the parties appeared at the pre-trial conference and supplemented their briefing with oral argument.  As previewed at the hearing, the court GRANTS the requested relief, but only IN-PART, as explained below.  Any further objections may be addressed at trial.

---

[1] *See* Docket Nos. 153, 154, 155, 156, 157, 164.

1

Case No. 5:13-cv-03384-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

### A.   Docket No. 153: The Ventures' motion to exclude evidence of purported invention disclosure

The best evidence rule requires that the original of a document be presented as evidence.[2] A copy is admissible, however, unless "a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate."[3] A witness may not testify as to his own prior statement if his testimony is offered to prove the truth of the prior statement.[4]

The Ventures move to preclude Barrett from introducing into evidence a print-out of a purported invention disclosure for MineTracer that Barrett produced and authored, and to preclude witnesses from testifying as to the proposed disclosure's contents.[5] The Ventures say the proposed disclosure is unauthentic, unreliable and in violation of the best evidence rule.[6] It contains inadmissible hearsay offered for the truth of the matter—that Barrett invented the MineTracer on his own time and with his own resources.[7] Barrett's proposed disclosure supports Barrett more than a disclosure the Ventures say he emailed to them.[8] This is because the proposed disclosure omits admissions demonstrating that VDSI equipment, supplies, facilities and employees were used.[9] No native version or copy of the purported disclosure exists anywhere else.[10]

---

[2] Fed. R. Evid. 1002, 1003.

[3] Fed. R. Evid. 1003; *accord Kassel v. U.S.*, 319 Fed. App'x. 558, 561 (9th Cir. Feb. 11, 2009); *United States v. Benedict*, 647 F.2d 928, 932 (9th Cir. 1981).

[4] *See* Fed. R. Evid. 801 *et seq.*, *United States v. McLennan*, 563 F.2d 943, 946-8 (9th Cir. 1977).

[5] *See* Docket No. 153 at 2-3.

[6] *See id.*

[7] *See id.*

[8] *See id.* at 5.

[9] *See id.*

[10] *See id.*

Barrett argues that if the document exists nowhere else, that is only determinative of the wiping processes of the Ventures; and there is no proof that the email and metadata the Ventures refer to is authentic—no testifying witness has been named.[11]  The proposed disclosure is not hearsay because it is offered to show what Barrett delivered to VCL and VCL's knowledge, rather than for the truth of the matter asserted.  It may further serve as a prior consistent statement under Fed. R. Evid. 801(d)(1)(B).

The question of which invention disclosure is correct is one for the jury.[12]  The Ventures' motion to exclude is DENIED.

**B.       Docket No. 154:  The Ventures' motion to exclude the Barrett journal as hearsay**

A document is a business record for purposes of Fed. R. Evid. 803(6) only if it is "kept in the course of a regularly conducted activity of a business, organization, occupation, or calling" and if "making the record was a regular practice of that activity."[13]  Prior consistent statements offered to rebut an express or implied charge of recent fabrication or improper influence or motive are not hearsay.[14]

The Ventures seek to exclude Barrett's journal as inadmissible hearsay with no applicable exception, especially the business records exception.[15]  The Ventures claim the journal cannot possibly contain everything needed to reduce the invention to practice as Barrett has asserted, and Barrett maintained the journal at home and never showed the journal to anyone but his wife.[16]

---

[11] *See* Docket No. 175 at 3.

[12] *People v. Hovarter*, 44 Cal. 4th 983, 1016 (2008).

[13] *See* Fed. R. Evid. 803(6).

[14] *See* Fed. R. Evid. 801(d)(1)(B).

[15] *See* Docket No. 154 at 1.

[16] *See id.* at 4.

3
Case No. 5:13-cv-03384-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

Barrett argues the journal is offered not to prove the truth of the matter asserted, but rather to show that it exists and that Barrett recorded what he recorded.[17]  Barrett contends the statements further are admissible as prior consistent statements under Fed. R. Evid. 801(d)(1)(B).[18]

The journal is admissible to show it exists and potentially as a prior consistent statement. The Ventures' second motion in limine is DENIED.

**C.    Docket No. 155:  The Ventures' motion to preclude admission of various hearsay expressions of interest from unrelated entities**

Letters and emails are out of court statements and, unless they fall into an exception to the hearsay rule, cannot be admitted for the truth of the matter asserted.[19]  In the Ninth Circuit, emails are not automatically admissible under the business records exception to the hearsay rule.[20] Testimony from an interested individual about what a potential contracting entity might do has been characterized as "hearsay of a peculiarly unreliable sort."[21]

The Ventures seek to preclude the admission of certain emails and purported expressions of interest in the inventions by unrelated third parties, as well as any summaries of those purported expressions of interest, on the grounds that these out-of-court statements are inadmissible hearsay.[22]  Barrett ghost wrote for at least two potential customers, and may have been proposing side deals, making the evidence manufactured and unreliable.[23]  The Ventures argue Barrett's

---

[17] *See* Docket No. 176 at 2.

[18] *See id.* at 3.

[19] *See Monotype Corp. PLC v. International Typeface Corp.*, 43 F.3d 443, 450 (9th Cir.1994).

[20] *See id.*

[21] *United States v. Fenzl*, 670 F.3d 778, 782 (7th Cir. 2012).

[22] *See* Docket No. 155 at 1.

[23] *See id.* at 4.

emails are neither the Ventures' business records nor business records of the Ventures' potential customers—the Ventures did not request the emails.[24]

Barrett counters that he was challenged to show evidence that his inventions had the ability to generate profit, and after he did so, he was fired.[25] Rather than statements offered for the truth of the matters asserted, the documents show what Barrett delivered to VCL before they fired him. Barrett seeks to admit the documents under Fed. R. Evid. 807, whose requirements Barrett has fulfilled, or Fed. R. Evid. 801(d)(2), as the statements are offered against VCL and there is no evidence VCL did not believe the statements to be true in discharging Barrett. Barrett argues the statements also are admissible under Fed. R. Evid. 801(d)(1)(B)(i) and (ii), to rebut VCL's claims that VCL and Barrett both knew there was no interest in the products.[26] Finally, Barrett seeks to admit the statements as conduct: Barrett delivered the documents to address VCL's complaints; VCL received the documents—communications relevant to the making of a contract and the existence of contract terms are verbal acts rather than hearsay.[27]

Barrett's emails are not admissible under the residual exception, because Barrett could offer more probative evidence through reasonable efforts.[28] Depending on what occurs at trial, Barrett's emails are potentially admissible as contractual terms or acts, as nonhearsay adopted as true by the Ventures[29] and as nonhearsay to rebut VCL's claims that both parties knew there was no interest in the products.[30] The Ventures' third motion in limine is DENIED.

---

[24] *See id.* at 5.

[25] *See* Docket No. 177 at 1-2.

[26] *See id.* at 3.

[27] *See* Fed. R. Evid. 801(c).

[28] *See* Fed. R. Evid. 807.

[29] *See* Fed. R. Evid. 801(d)(2)(B).

[30] *See* Fed. R. Evid. 801(d)(1)(B)(i) and (ii).

5
Case No. 5:13-cv-03384-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

**D. Docket No. 156: The Ventures' motion to exclude improper opinion evidence**

The Ventures seek to preclude Barrett from offering opinion testimony under Fed. R. Evid. 701 and 702 regarding (i) future sales of the inventions, (ii) the regulatory approval process, protocols and timelines of the Mining Safety and Health Administration and (iii) certain customs and practices in the mining industry.[31] Barrett is not a financial, regulatory or mining expert under Fed. R. Civ. P. 26(a)(2)'s requirements.[32] His knowledge is not specialized and, according to the Ventures, nor are his opinions rationally based on his perceptions per Fed. R. Evid. 701.[33]

Barrett argues that for over eight years, he was tasked as a business owner to develop the invention, patent it and develop and pursue the market for it.[34] Based on his firsthand business experience, his opinions rationally are based on his perceptions, helpful to his belief as to his entrepreneurial venture's prospects and not based on scientific, technical or other specialized knowledge within the scope of Fed. R. Civ. P. 702.[35]

On balance, the court finds Barrett's lay opinions are inadmissible under Fed. R. Evid. 701. His opinions are speculative and potentially misleading to the jury. The Ventures' fourth motion in limine is GRANTED.

**E. Docket No. 157: The Ventures' motion to exclude the testimony of Scott Hampton**

Fed. R. Civ. P. 37(c)(1) precludes a party from using undisclosed information and experts.[36]

---

[31] *See* Docket No. 156 at 1.

[32] *See id.*

[33] *See id.*

[34] Docket No. 178 at 2.

[35] *See id.*; Fed. R. Civ. P. 701; *cf. Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1175 (3d Cir. 1993) (allowing business owner to testify as to his opinion about damages, and such was admissible based on his knowledge and participation in the day-to-day affairs of the business).

[36] Fed. R. Civ. P. 37(c) (1).

The Ventures seek to exclude the opinions of Barrett's damages expert, Scott Hampton, because it is entirely based on the work of Bret Romrell, an expert upon whom Hampton relied but did not disclose under Fed. R. Civ. P. 26.  Specifically, the Ventures say that based on his deposition, Hampton relied on Romrell to review, analyze and summarize the documents that provide the bases for Hampton's expert report and to create the schedules to Hampton's report, constituting the entire analysis that Hampton intends to present.[37]

Barrett says Hampton did not use Romrell for everything.  He relied on a plethora of information, not all of which he collected personally,[38] including facts or data he was made aware of or personally observed from Romrell.[39]  If Hampton would reasonably rely on certain facts or data in forming an opinion, that information need not be admissible for the opinion to be admitted.[40]

The court previously denied the Ventures' motion to strike Hampton's report but sustained the Ventures' objection to Hampton's "undisclosed reliance on Romrell."[41]  Because it is possible that Hampton's opinions come from more than reliance on Romrell, and because the Ventures were able to depose Hampton knowing of Hampton's reliance on Romrell, the Ventures' fifth motion in limine is DENIED.

---

[37] *See* Docket No. 157 at 2.

[38] *Cf. Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 94 (2d Cir. 2000).

[39] *See* Docket No. 180 at 3.

[40] *See* Fed. R. Evid. 703.

[41] *See* Docket No. 98 at 13, n.68.

F.     **Docket No. 164, #1:  Barrett's motion to exclude witnesses from the courtroom during trial**

At a party's request, the court must exclude witnesses so they cannot hear the testimony of other witnesses.[42]

The Ventures do not oppose Barrett's motion to exclude witnesses from the courtroom during trial, but seek to reserve their right to have their corporate representative present, as well as their expert, Richard Eichmann.[43]

The court GRANTS Barrett's first motion in limine according to Fed. R. Evid. 615.[44]  The Ventures' corporate representative may attend trial, and so too may the experts of either party, although their testimony cannot go beyond their previously offered opinions.

G.     **Docket No. 164, #2:  Barrett's motion to prohibit the dissemination of trial testimony or counsel remarks to fact or lay witnesses**

Barrett requests that to uphold Fed. R. Evid. 615, the parties should not be allowed to pass on trial testimony or counsel remarks to fact witnesses, health care providers or other lay witnesses; or any trial transcripts to any witness.[45]  The Ventures contend that Barrett impermissibly seeks to expand Fed. R. Evid. 615.[46]

---

[42] *See* Fed. R. Evid. 615.

[43] *Cf. Simonelli v. Univ. of Cal. Berkeley*, Case No. 02-cv-1107-JL, 2008 U.S. Dist. LEXIS 44589 at *21 (N.D. Cal. Feb. 14, 2008) ("Experts are generally permitted to consider trial testimony in rendering their opinions).

[44] The rule does not exclude from trial:  "(a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or (d) a person authorized by statute to be present."  Fed. R. Evid. 615.

[45] *Cf. Central Telecommunications, Inc. v. TCI Cablevision, Inc.*, 610 F.Supp. 891, 905 (D.C. Mo. 1985).

[46] *See* Docket No. 182 at 10.

   Barrett's second motion in limine is GRANTED.  The parties shall not disseminate trial testimony or counsel remarks to fact or lay witnesses.  They may, however, bring up issues with fact or lay witnesses.

**H.**  **Docket No. 164, #3:  Barrett's motion to exclude untimely disclosed opinions.**

   Pursuant to Fed. R. Civ. P. 26 (a)(2)(A) and (B), the parties agree that no expert should be allowed to present new opinions at trial beyond those disclosed in discovery.[47]  Barrett's third motion in limine is GRANTED.

**I.**  **Docket No. 164, #4-8:  Barrett's motion to exclude the 2003 invention agreement**

   Barrett's motions in limine numbered four through eight seek to exclude "argument and evidence" about the inventions agreement on the bases of parol evidence, forfeiture, estoppel and laches.[48]  These motions rehash the same arguments Barrett made in support of his motion for partial summary judgment and which the court denied as precluded by genuine disputes of material fact.[49]  All are untimely dispositive motions, and must be DENIED for that reason.[50]

**J.**  **Docket No. 164, #9:  Barrett's motion to exclude expert testimony regarding questions of law by any expert and or lay witness**

   Barrett seeks to exclude witnesses from opining as to questions of law.[51]  This would limit witness Craig Stainbrook, who is not disclosed as an expert, to testifying as to the facts of what he did, and exclude him from opining as to patent law, contract law or the operation of law.[52]

---

[47] *See* Fed. R. Civ. P. 26 (a)(2)(A), (B).

[48] *See* Docket No. 164 at 3-7.

[49] *See* Docket No. 81 at 18; Docket No. 66 at 17-21; Docket No. 98 at 10-11, 13 n.68.

[50] *See Guzik Tech. Enters. v. Western Digitial Corp.*, Case No. 5:11-cv-03786-PSG, 2013 U.S. Dist. LEXIS 171327 at **27-28 (N.D. Cal. Nov. 22, 2013) (denying motion in limine seeking to exclude "evidence and argument" because it was an untimely disguised dispositive motion).

[51] *See* Docket No. 164 at 7-8; *Summers v. A.L. Gilbert Co.*, 69 Cal App. 4th 1155, 1178 (1999) ("There are limits to expert testimony, not the least of which is the prohibition against admission of an expert's opinion on a question of law.").

[52] *See* Docket No. 164 at 7-8.

9
Case No. 5:13-cv-03384-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

Though the Ventures do not oppose entry of an order precluding witnesses from opining as to the law, they object to the scope of Barrett's motion precluding Stainbrook from testifying as to the "operation of law."[53] Stainbrook should be able to describe the legal requirements he was meeting in explaining his actions in prosecuting the patents at issue.[54] His opinions, rationally based on his perceptions, are admissible under Fed. R. Evid. 701(a).

The court GRANTS Barrett's motion but does not limit Stainbrook's testimony as to his understanding of the law if relevant to what he did. If necessary, the court will entertain a limiting instruction.

**SO ORDERED.**

Dated: May 5, 2015

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　PAUL S. GREWAL
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[53] *See* Docket No. 182 at 11.

[54] *See id.*