United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10                SAN JOSE DIVISION

11   VENTURE CORPORATION LTD., et al.,    )   Case No. 5:13-cv-03384-PSG
                                          )
12              Plaintiffs and            )   **PRELIMINARY JURY**
                Counterdefendants,        )   **INSTRUCTIONS**
13                                        )
                                          )
14        v.                              )
                                          )
     JAMES P. BARRETT,                    )
15                                        )
                Defendant and             )
16              Counterclaimant.          )
17   _____ )
18
19
20
21
22
23
24
25
26
27
28

1

Case No. 5:13-cv-03384-PSG
PRELIMINARY JURY INSTRUCTIONS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# 1. DUTY OF JURY

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Case No. 5:13-cv-03384-PSG
PRELIMINARY JURY INSTRUCTIONS

## 2. BACKGROUND

This is a lawsuit between Venture Corporation Ltd ("VCL") and Venture Design Services, Inc. ("VDSI"), on the one hand, and James P. Barrett, on the other hand.  VCL is a Singaporean company.  VDSI is a wholly owned U.S. subsidiary of VCL with its headquarters in California.

Mr. Barrett was an employee of VDSI and he is the named inventor on three patents.  Mr. Barrett became a VDSI employee on November 1, 2003.  On June 28, 2003—before his employment with VDSI commenced—Mr. Barrett signed an Employee Confidential Information and Inventions Agreement (or simply the "inventions agreement").  Mr. Barrett worked for VDSI from November 1, 2003 through March 20, 2013.

At some point during his employment, Mr. Barrett proposed an invention or inventions to VCL and to VDSI.  The invention or inventions became known as MineTracer and the Refuge Life Support system.  MineTracer is a wireless system for tracking the location of miners in mine shafts and tunnels.  The Refuge Life Support system has two components:  a gas monitor for sensing abnormal levels of harmful gasses in a mine, and a gas scrubber, which can filter carbon dioxide in a mine.

VCL and VDSI, on the one hand, and Mr. Barrett, on the other hand, dispute when and how the inventions came to exist and how VCL obtained ownership rights for the inventions.

VCL and VDSI seek declaratory judgment that VCL is the owner of the rights for the inventions.  VCL and VDSI deny the existence of any joint venture between Mr. Barrett and VCL.  VCL and VDSI further contend that Mr. Barrett's claims are barred by their limitation periods.

Mr. Barrett has countersued VCL, claiming breach of contracts, repudiation of the joint venture, breach of VCL's implied duty of good faith and fair dealing and fraud.

### 3.  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

    1.  The sworn testimony of any witness;

    2.  The exhibits which are received into evidence; and

    3.  Any facts to which the lawyers have agreed.

Case No. 5:13-cv-03384-PSG
PRELIMINARY JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

## 4.  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 5. DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

Case No. 5:13-cv-03384-PSG
PRELIMINARY JURY INSTRUCTIONS

# 6.  RULING ON OBJECTIONS

What are rules of evidence that control what can be received into evidence?  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Case No. 5:13-cv-03384-PSG
PRELIMINARY JURY INSTRUCTIONS

**7. CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

    (1) The opportunity and ability of the witness to see or hear or know the things testified to;

    (2) The witness's memory;

    (3) The witness's manner while testifying;

    (4) The witness's interest in the outcome of the case and any bias or prejudice;

    (5) Whether other evidence contradicted the witness's testimony;

    (6) The reasonableness of the witness's testimony in light of all the evidence; and

    (7) Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Case No. 5:13-cv-03384-PSG
PRELIMINARY JURY INSTRUCTIONS

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

## 8.  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.

But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Case No. 5:13-cv-03384-PSG
PRELIMINARY JURY INSTRUCTIONS

**9.  NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Case No. 5:13-cv-03384-PSG
PRELIMINARY JURY INSTRUCTIONS

**10.  TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

### 11.  QUESTIONS TO WITNESSES BY JURORS

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Case No. 5:13-cv-03384-PSG
PRELIMINARY JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 12.  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Case No. 5:13-cv-03384-PSG
PRELIMINARY JURY INSTRUCTIONS

**13. OUTLINE OF TRIAL**

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin. Witnesses will take the witness stand and the documents will be offered and admitted into evidence.

The Plaintiffs and Counterdefendants will present evidence supporting their claims. The Plaintiffs and Counterdefendants' witnesses will be questioned by the Plaintiffs and Counterdefendants' counsel in what is called direct examination. After the direct examination of a witness is completed, the opposing side has an opportunity to cross-examine the witness.

After the Plaintiffs and Counterdefendants have presented their witnesses, the Defendant and Counterclaimant will call his witnesses, who will also be examined and cross-examined. The Defendant and Counterclaimant will put on evidence responding to the Plaintiffs and Counterdefendants' claims.

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions. In other words, you should keep an open mind throughout the entire trial.

The parties may present the testimony of a witness by reading from his or their deposition transcript or playing a videotape of the witness's deposition testimony. A deposition is the sworn testimony of a witness taken before trial and is entitled to the same consideration as if the witness had testified at trial.

After the evidence has been presented, I will give you final instructions on the law that applies to the case and the attorneys will make closing arguments. Closing arguments are not evidence. After the instructions and closing arguments, you will then decide the case.

**SO ORDERED.**

Dated: May 22, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

United States District Court
For the Northern District of California

Case No. 5:13-cv-03384-PSG
PRELIMINARY JURY INSTRUCTIONS