UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENTURE CORPORATION, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JAMES P. BARRETT,<br><br>　　　　　Defendant. | Case No. 5:13-cv-03384-PSG<br><br>**ORDER DENYING MOTIONS FOR FEES**<br><br>**(Re: Docket Nos. 248, 257)** |

　　　　Plaintiffs Venture Corporation Ltd. and Venture Design Services, Inc., and Defendant James P. Barrett present dueling motions for fees and costs.[1] Each side believes that it was the prevailing party at trial.[2] However, as in the 50th Hunger Games arena, there can be only one victor for the purpose of awarding fees. Here, it is the Ventures.

　　　　California law provides for the recovery of attorney's fees when authorized by statute, contract or law.[3] In contract cases, "where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs."[4] "The court . . . shall determine who is the party prevailing on the contract," and "the party prevailing . . . shall be the party who recovered a greater relief in the

---

[1] *See* Docket Nos. 248, 257.

[2] *See* Docket No. 248 at 9; Docket No. 257 at 8-10.

[3] *See* Cal. Civ. Proc. Code § 1033.5(a)(10).

[4] Cal. Civ. Code § 1717.

Case No. 5:13-cv-03384-PSG
ORDER DENYING MOTIONS FOR FEES

1

1   action on the contract."[5]

2   The 2003 Employee Confidential Information and Inventions Agreement between Barrett
and VDSI contains a fee-shifting clause: "[If VDSI] is successful on any action or proceeding it
brings to enforce or interpret this Agreement, it shall be entitled to reasonable attorney's fees and
costs."[6]  Since this contract term allows for fees, the next inquiry is to determine who the
prevailing party is.

The Ventures are the prevailing party because they achieved all their litigation goals and
certainly recovered greater relief in the contract action than Barrett did.[7]  The jury found that Cal.
Labor Code § 2870 did not protect the "MineTracer," "Gas Scrubber" and "Gas Monitor"
inventions from the Inventions Agreement's assignment clause.[8]  The Ventures thus established
the central thrust of their campaign that ownership of the inventions was automatically assigned
by operation of law from Barrett to VDSI and VDSI to VCL.[9]

Barrett nevertheless argues that he is the prevailing party because the jury also found that
VDSI had forfeited its ownership rights to the inventions.[10]  However, following trial, the court
held that there was not substantial evidence to support the jury's finding on forfeiture and granted
judgment as a matter of law for the Ventures.[11]  Barrett therefore did not prevail on any of his
claims, and his motion for fees must be DENIED.

---

[5] *Id.* at § 1717(b)(1).

[6] Docket No. 7-4 at § 5.3.

[7] Barrett argues that VCL lacks standing for this motion and any right to fees, because VCL is not party to any contract with a fee-shifting clause.  *See* Docket No. 262 at 12-14.  However, VDSI plainly has both, as a party to the Inventions Agreement.  *See* Docket No. 7-4.

[8] *See* Docket No. 238 at 3.

[9] *See* Docket No. 278 at 7-9.

[10] *See* Docket No. 248 at 7-9; Docket No. 238 at 4.

[11] *See* Docket No. 278 at 7-9.

1   The court nevertheless declines to grant the Ventures' motion for fees, at least for the
2 moment. The Ventures' motion for fees includes charts summarizing the daily and total hours
3 billed by the Ventures' counsel, but does not include individual entries detailing counsel's work.[12]
4 The Ventures state that this is a deliberate omission; the Ventures fear that including detailed
5 descriptions of work performed by counsel would disclose information protected by the attorney-
6 client privilege and work product doctrine.[13] Counsel for the Ventures stated in his declaration
7 that "Barrett . . . is likely to appeal,"[14] and the Ventures' concerns about disclosure are legitimate
8 in light of that potential appeal. Nonetheless, this failure to include detailed entries has two
9 unfortunate effects: first, the court is unable to assess, as it must, if the requested fees are
10 reasonable, and Barrett is unable to challenge individual entries as unreasonable, excessive or
11 otherwise flawed, as is his right. The Ventures' motion for fees therefore is DENIED without
12 prejudice to renewal, within fourteen days of either the expiration of the period for appeal or upon
13 resolution of any appeal.

**SO ORDERED.**

Dated: December 10, 2015

*(signature)*
PAUL S. GREWAL
United States Magistrate Judge

---

[12] *See* Docket Nos. 258-1, 258-2.

[13] *See* Docket No. 258 at ¶ 17.

[14] *Id.*

Case No. 5:13-cv-03384-PSG
ORDER DENYING MOTIONS FOR FEES

3