UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENTURE CORPORATION, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>JAMES P. BARRETT,<br><br>          Defendant. | Case No. 5:13-cv-03384-PSG<br><br>**ORDER DENYING SANCTIONS AND POST-TRIAL DISCOVERY**<br><br>**(Re: Docket No. 255)** |

In the aftermath of trial, Plaintiffs Venture Corporation Ltd. and Venture Design Services, Inc. move for sanctions, post-trial discovery and an extension of deadlines.[1] The Ventures identify concerns with the following conduct during trial by Barrett and his counsel:

- **Proposed Trial Exhibit 655**: Barrett attempted to introduce into evidence proposed trial exhibit 655, a VDSI email that he had not previously produced even though it was responsive to the Ventures' requests for production.[2] The court excluded the document from evidence, because it "should have been produced."[3]

- **Proposed Trial Exhibit 591**: Similarly, Barrett's proposed trial exhibit 591 also had not been produced during discovery.[4] Barrett stated that he did not intend to admit it.[5] The Ventures' counsel responded that this resolved the issue for the time being, and proposed trial exhibit 591 did not enter into evidence.[6]

---

[1] *See* Docket No. 255.

[2] *See* Docket No. 242 at 1319-1333.

[3] *See id.* at 1333:9-11.

[4] *See* Docket No. 243 at 1576-79.

[5] *See id.* at 1578:2-21.

[6] *See id.* at 1578:18-1579:15.

1
Case No. 5:13-cv-03384-PSG
ORDER DENYING SANCTIONS AND POST-TRIAL DISCOVERY

- **Inventions Journal**: At the Ventures' request, Barrett agreed to submit his original Inventions Journal to the jury during deliberations.[7] However, the Inventions Journal contained three loose leaf photocopies of produced documents, Bates stamped "Barrett 2018-2020," which had not been in the journal when it was originally produced to the Ventures.[8] The loose leaf pages were excluded and the jury received the Inventions Journal in its original form.[9]

The Ventures also raise the following concerns:

- **Inconsistent answers**: Barrett's statements in trial exhibit 79, a declaration that Barrett submitted to the U.S. Patent and Trademark Office in connection with the disputed inventions, contradict his statements in trial exhibit 86, Barrett's Answers to VDSI's First Set of Interrogatories.[10] The Ventures cross-examined Barrett about these exhibits at trial.[11]

- **Trial Exhibit 546**: Trial exhibit 546 is a paper copy of a document that Barrett claimed to have prepared for VDSI's patent attorney, Craig Stainbrook, in 2006.[12] Neither the Ventures nor Stainbrook possessed an electronic record of the document, and Barrett stated that he no longer had a copy of the electronic file.[13]

The Ventures request an order (1) granting sanctions against Barrett and his counsel, including fees, for attempting to introduce documents as exhibits that Barrett did not produce during discovery, and for allegedly attempting to pass loose leaf pages to the jury in the Inventions Journal; (2) compelling the production of all documents relating to Venture's business that were previously requested during discovery but were not produced; (3) compelling the deposition of Barrett regarding his conduct in this case; (4) compelling the preservation and forensic examination of electronic media in Barrett's possession that has stored files that he failed to produce in this case; and (5) extending the 14-day period established by Fed. R. Civ. P. 37 for

---

[7] *See* Docket No. 246 at 2425:20-2426:3.

[8] *See* Docket No. 247 at 2459:1-2464:18; Docket No. 255-2 at ¶¶ 7, 9.

[9] *See* Docket No. 247 at 2464:15-18.

[10] *See* Docket No. 255 at 7.

[11] *See* Docket No. 244 at 1964:1-1966:15, 1970:25-1972:5.

[12] *See* Docket No. 255 at 7.

[13] *See id.* at 7-8.

2
Case No. 5:13-cv-03384-PSG
ORDER DENYING SANCTIONS AND POST-TRIAL DISCOVERY

moving for sanctions post-trial.[14]

Fed. R. Civ. P. 37(a)(3)(B)(iv) allows a party to move for an order compelling the production of documents when a party fails to produce documents. Under the dictate of Fed. R. Civ. P. 26(b)(2)(C), the court must "strike[] the proper balance between permitting relevant discovery and limiting the scope and burdens of the discovery to what is proportional to the case."[15] Moreover, "[b]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant."[16] That is, the court must weigh whether the requested discovery is proportional to the needs of the case in the present context and balance that against any prejudice to the moving party.

Fed. R. Civ. P. 37(b)(2)(C) provides that when a party or its counsel violates a discovery order, the court must order the party, its counsel or both to pay the "reasonable expenses, including attorney's fees, caused by the failure" to comply with a discovery order, unless the failure was "substantially justified or other circumstances make an award of expenses unjust."

The Ventures are correct that nothing about the present posture of the case renders the court powerless to consider their request.[17] But the Ventures' requests for relief do not meet the above standards. They have not shown that the requested discovery is proportional considering the needs of the case, which completed the trial stage, and which they won, nor have they shown that they suffered prejudice at trial or that they would suffer prejudice in the future from being denied the relief they seek. Neither proposed trial exhibit 655 nor proposed trial exhibit 591

---

[14] *See id.* at 14-15.

[15] *Kaiser v. BMW of North America, LLC*, Case No. C–12–01311 DMR, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013).

[16] *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citing *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)).

[17] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991).

entered into evidence or were presented to the jury, and the extra pages were removed from the Inventions Journal before the jury received it.[18] Barrett also has submitted a sworn declaration that no further responsive materials remain in his possession.[19] As for Barrett's inconsistent statements, the Ventures had the opportunity to cross-examine him about these inconsistencies.[20] As for trial exhibit 546, the Ventures did not identify any prejudice caused by Barrett's failure to produce the electronic version of trial exhibit 546 or other Venture files still in his possession, if any. The jury largely found in favor of the Ventures at trial, and the court granted the Ventures' renewed motion for judgment as a matter of law,[21] such that the Ventures were the prevailing parties in all respects.[22] In short, the Ventures have identified no prejudice that they suffered, and no prejudice that they would suffer. As for their request for fees under Fed. R. Civ. P. 37(b)(2)(C), the Ventures have not identified a discovery order that Barrett, his counsel, or both violated.

All requested relief is DENIED.

**SO ORDERED.**

Dated: December 15, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[18] *See* Docket No. 242 at 1333:9-11; Docket No. 243 at 1578:18-1579:15; Docket No. 247 at 2464:15-18.

[19] *See* Docket No. 264 at ¶ 7.

[20] *See* Docket No. 244 at 1964:1-1966:15, 1970:25-1972:5.

[21] *See* Docket No. 278 at 6-9.

[22] *See* Docket No. 279 at 2.